

MINUTE ENTRY
FELDMAN, J.
April 26, 2000

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOYCE MARTINEZ, WIFE OF/AND LOUIS MARTINEZ | * | CIVIL ACTION |
| VERSUS | * | NO. 00-0017 |
| UNITED STATES OF AMERICA, ET AL. | * | SECTION "F" (1) |

Before the Court is the United States' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment.  For the reasons that follow, the motion is granted.

### Background

On December 21, 1996, Joyce Martinez fell while shopping at the Navy Exchange.  Joyce Martinez filed an administrative damage claim, which was denied.  Joyce and Louis Martinez then filed their lawsuit.

### I. Exhaustion of Administrative Remedies

"The United States, as sovereign, is immune from suit save as it consents to be sued."  United States v. Sherwood, 312 U.S.

1


DATE OF ENTRY APR 2 8 2000



584, 586, 61 S.Ct. 767, 769 (1941). Under 28 U.S.C. § 2675(a):

> An action shall not be instituted upon a claim against the United States for money damages for injury...caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

"It is beyond dispute that the filing of an administrative claim is jurisdictional, and 'is an absolute prerequisite to maintaining a civil action against the Government for damages arising from a tortious occurrence due to the negligence of a federal employee.'" Miller v. United States, 418 F.Supp. 373, 375 (D.Minn. 1976)(quoting Meeker v. United States, 435 F.2d 1219, 1220 (8th Cir. 1970)). Until the claimant has exhausted his administrative remedies, the Court does not have subject matter jurisdiction. Reynolds v. United States, 748 F.2d 291, 292 (5th Cir. 1984). See Graphia v. United States, 1992 WL 245661 (E.D.La.) (stating that a "tort claim against the United States is barred unless it is first presented in writing to the appropriate Federal agency.")

Because the plaintiff Louis Martinez never filed an administrative damage claim with the Department of the Navy, the United States seeks to dismiss his claim. Referring to the letter from claims attorney, Carol Lynch, for the Department of

the Navy, Louis Martinez contends that it is unnecessary for him to file an administrative claim. In her letter, Ms. Lynch notes that Louis Martinez did not file an administrative claim in accordance with the statute. However, Ms. Lynch states that to the extent that his lawsuit "might be deemed a presentment of an administrative claim[,]" the claim is denied. Notwithstanding Ms. Lynch's statement, the statue and case law clearly state that Louis Martinez must present his claim before the appropriate federal agency before he can file suit. He failed to do so. Therefore, the Court lacks subject matter jurisdiction and Louis Martinez's claim is barred.

Accordingly,

IT IS ORDERED that the United States' Motion to Dismiss, Or in the Alternative, Motion for Summary Judgment is GRANTED.

3