

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOYCE MARTINEZ, ET AL. | * | CIVIL ACTION |
| v. | * | NO. 00-0017 |
| UNITED STATES OF AMERICA | * | SECTION "F" (1) |

\* \* \* \* \*

### REPLY IN SUPPORT OF
### MOTION TO DISMISS, OR FOR SUMMARY JUDGMENT

Pending for hearing on August 22, 2001, is a Motion to Dismiss, or for Summary Judgment filed by the United States. (Rec. Doc. 19). Plaintiff has failed in her burden in opposing the motion for reasons set forth below.[1]

### Motion to Dismiss

As the party seeking to invoke the jurisdiction of the court, plaintiff is charged with the burden of affirmatively alleging facts conferring jurisdiction, and mere conclusory statements do not suffice. Gaar v. Quirk, 86 F.3d 451, 453 (5th Cir. 1996) (citing Lowe v. Ingalls Shipbuilding, 723 F.2d 1173, 1176-77 (5th Cir. 1984)). Plaintiff claimed jurisdiction under the

---

[1] In addition, plaintiff's untimely opposition (due on August 14, 2001), was not served on the United States. LR7.5E. The United States sought and obtained a copy on August 16, 2001.



FTCA, and as with all statutes the waiver of sovereign immunity is strictly construed. Perkins v. United States, 1999 WL 148442, *2 (E.D. La. March 17, 1999)(Sear, J.)(citing Owen v. United States, 935 F.2d 734 (5th Cir. 1991), writ denied 502 U.S. 1031 (1992); Levrie v. Department of Army, 810 F.2d 1311, 1314 (5th Cir. 1987)(citing McMahon v. United States, 342 U.S. 25, 27 (1951). Section 1346(b) specifically requires that there be a negligent or wrongful act or omission committed by an employee in the scope of his or her employment with the government. FDIC v. Meyer, 510 U.S. 471, 477 (1994).

A court is free to look beyond the parties' characterizations of the complaint, to the actual substance of the allegations. Advanced Materials, Inc. v. United States, 955 F. Supp. 58, 59 (E.D. La 1997)(Mentz, J.)(the question of whether the Federal Tort Claims Act (FTCA) provides jurisdiction, turns upon the substance of the claim, and in making this determination, "a court is not bound by the parties' characterizations of the complaint,")(quoting City Nat. Bank v. United States, 907 F.2d 536, 546 n. 9 (5th Cir. 1990); Hassan v. Louisiana Dept. of Transp. & Development, 923 F. Supp. 890, 894-895 (W.D. La 1990).

The word "negligence" appears in the Complaint, but every attempt by the United States to get to the bottom of plaintiff's "negligence" claim was met with resistance. Plaintiff consistently refused or failed to identify any specific individual who committed a specific act or omission in the scope of his or her duties with the government. It is anyone's guess at this point in time who the alleged tortfeasor is and whether the person was in the scope of his or her duties. See Mrs. Martinez's January 22, 1997 statement,[2] her April 21, 2000 answer to a specific

---

[2] Gov't Ex. "F", Willis, with Martinez statement at p. 6.

interrogatory,[3] and her testimony of October 11, 2000,[4] wherein she admitted that <u>her problem was actually with the floor itself</u> and the fact that it was "crooked" (sloped) rather than flat.[5] Her confessed complaint is clearly not with any federal employee, and it is now disingenuous to suggest otherwise. Although her complaint uses the word negligence, her statement, interrogatory answer and testimony reveal that the <u>substance</u> of her complaint is a premises defect.

In strictly construing the waiver of sovereign immunity it is clear that the statutory language does not "encompass suits seeking to hold the United States liable on strict liability or absolute liability theories." <u>Aretz v. United States</u>, 604 F.2d 417, 426-427 (5th Cir. 1979)(quoting <u>Laird v. Nelms</u>, 406 U.S. 797 (1972)). Moreover, "the FTCA does not permit suits for general premises liability to the extent that such theories resemble strict liability as opposed to 'a more focused approach that requires the courts to [consider] . . . the actor whose negligence might be imputed to the government under state law.' " <u>Perkins</u>, <u>supra</u>, (quoting <u>Berkman v. United States</u>, 957 F.2d 108, 112-113 (4th Cir. 1992) and <u>Cupit v. United States</u>, 964 F. Supp. 1104, 1111-12 (W.D. La. 1997)(F.A. Little, J)(finding that a claim based on Louisiana general premises liability is <u>not</u> permitted under the FTCA); <u>Saladino, III v. United States</u>, 1993 WL 541497, *2 (E.D. La. Dec. 20, 1993)(Livaudais, J.)(no specific employee of the United States was shown to have created or been aware of the alleged condition); See also, <u>Pizza v.</u>

---

[3] Gov't Ex. "H", Interrogatory No. IX, and Answer to Interrogatory No. IX.

[4] Gov't Ex. "G", Martinez at 12-13.

[5] Gov't Ex. "F", Willis, with Martinez's statement at p. 6.

3

United States of America, Civ. A. No. 00-1391 (March 27, 2001)(Porteous, J)(plaintiff failed to allege that specific individuals were negligent in any particular manner).

Consistent with plaintiff's responses throughout this litigation, the opposition memorandum fails to identify any specific employee who allegedly committed an act or omission in the scope of his or her employment. For all anyone knows, the acts complained of were committed by independent contractors for whom the United States is not responsible.

If a plaintiff is never made to identify *who* it is that committed the alleged act or omission, then there is no means to determine whether person was indeed a government employee versus an independent contractor. Without knowing who the actor is, there is no means of determining whether the acts were within the scope of his or her employment. Finally, what is to prevent the plaintiff from playing a shell game by continuously shifting the focus of the allegations from person to person. It would seem a matter of fundamental fairness to burden the person who brings a law suit to identify the person whose act or omission is on trial.

In this instance, plaintiff has failed to establish a factual basis for jurisdiction under 28 U.S.C. § 1346(b). Since she has failed in her burden of proof, sovereign immunity is not waived.

### **Motion for Summary Judgment**

Plaintiff has failed to meet her burden in opposing summary judgment. She argues erroneously that the United States has submitted unsworn declarations. But each declaration submitted pursuant to 28 U.S.C. § 1746, is in proper form and signed under penalty of perjury (See last paragraph of each declaration). It is attested that the photographs attached to each declaration "fairly and accurately" depict the slope as it existed at the time of Mrs. Martinez's fall. It is attested by Mr. Willis (Gov't Ex. "F") that plaintiff and her sister gave recorded

4

statements to him, that the transcripts are true and correct (Gov't Ex. "F", Willis, para. 3), and the actual cassettes containing the recorded statements are in the possession of the undersigned counsel for the United States. In addition, deposition testimony and answers to interrogatories further support summary judgment. The United States has more than met its evidentiary burden under Fed. R. Civ. P. 56(c).

In opposing summary judgment, plaintiff points to her self-serving claim that the floor was "not painted, " however this claim does not defeat summary judgment for several reasons. First, when a moving party has carried its burden, plaintiff cannot merely rest on the allegations contained in the Complaint. Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256-57 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). There is not a scintilla of evidence that supports her self-serving claim that the floor was not painted. Plaintiff has rested her case on her allegations, whereas defendant has submitted five declarations of disinterested witnesses, plaintiff's early statement (1-22-97) wherein she could not remember whether the slope was painted,[6] and photographs taken by Larry Marshall within twelve hours of the incident.[7]

Second, the mere fact that the floor was painted or not, does not create a genuine issue of material fact, because Mrs. Martinez admitted that she was nevertheless familiar with the slope

---

[6] Gov't Ex. "F", Martinez statement, pp. 3-4.

[7] Gov't Ex. "A", Marshall, para. 6, with his Exhibit "B"; See also Gov't Exhibits "B", "C", "D", "E", all with photographs and attesting to the painted condition of the floor on December 21, 1996.

5

having shopped in the NEX "frequently."[8] She admitted having shopped "once or twice a week" in the NEX, although not specifically in Toyland.[9] Several employees recognized her by sight,[10] and on December 21, 1996, she consciously traversed the slope safely on her way into Toyland.[11] The accident occurred on her way back to the furniture and appliance area. The mere argued existence of a factual dispute will not defeat an otherwise properly supported motion. Anderson, supra, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50.

Third, even if there was a slight question of fact between plaintiff (who has everything to gain) versus five disinterested witnesses (who have nothing to gain), this court has the discretion to resolve factual disputes. U.S. Fidelity & Guar. Co. v. Planters Bank & Trust Co., 77 F.3d 863, 865 (5th Cir. 1996). Specifically, at the summary judgment stage of a bench trial, a judge has the "limited discretion to decide that the same evidence, presented to him or her as trier of fact in a plenary trial, could not possibly lead to a different result." Id. at 866; See also, Perkins v. United States, 1999 WL 148442, *2 (E.D. La. March 17, 1999)(Sear, J.).

---

[8] Mrs. Martinez described herself as a "frequent" shopper at the NEX for years prior to December 21, 1996, although she has denied shopping frequently in Toyland. (Gov't Ex. "F", Willis, paras. 2-3, with Martinez's statement, p. 6; Gov't Ex. "G", Martinez deposition (hereafter "Martinez"), pp. 6-7).

[9] Gov't Ex. "F", Willis, paras 2-3, with Martinez's statement, p. 6; Gov't Ex. "G", Martinez, pp. 6-7, 16.

[10] Gov't Ex. "A", Marshall, para. 8; Gov't Ex. "C", Spurlock, para. 8; Gov't Ex. "D", Camel, para. 10; Gov't Ex. "E", Shulz, para. 10.

[11] Gov't Ex. "G", Martinez, p. 9

**Other**

Finally, plaintiff argues that she should have been permitted discovery. The Complaint was filed in January of 2000. <u>For seventeen (17) months plaintiff undertook no discovery.</u> Written discovery was propounded one month ago in July 2001. The United States motion was filed August 1, 2001, and set August 22, 2001. The discovery cut off date was August 14, 2001. On August 14, 2001, plaintiff faxed a letter stating that he wanted to depose the five fact witnesses who provided declarations. It is simply too late, and the United States is preparing for trial.

It is stated in the Memorandum, at page 6 that "plaintiff believes she is aware of another person who lives in the community who sustained the exact type of fall that she did at the very spot where she fell." This alleged person was **never** listed on the Witness List, nor revealed in her discovery responses. It is therefore inferred that she has improperly withheld information.

**CONCLUSION**

The United States requests that the court grant dismissal on the basis of a lack of subject matter jurisdiction, or for summary judgment as a matter of law.

Respectfully submitted,

JIM LETTEN
UNITED STATES ATTORNEY

FRED T. HINRICHS (#17300)
Assistant U.S. Attorney
Hale Boggs Federal Building
501 Magazine Street, 2nd Floor
New Orleans, Louisiana 70130
Telephone: (504) 680-3129

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been forwarded to all counsel of record in this proceeding by placing the same in the United States Mail, properly addressed and postage prepaid, this 17th day of August, 2001.

_____
Assistant U. S. Attorney