FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 AUG 23 PM 3:29

LORETTA G. WHYTE
        CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JOYCE MARTINEZ, ET AL         *     CIVIL ACTION

VERSUS         *     NO. 00-17

UNITED STATES OF AMERICA         *     SECTION "F"

ORDER AND REASONS

Before the Court is the defendant's Motion to Dismiss, or for Summary Judgment. For the reasons that follow, the motion is granted.

Background

Joyce Martinez filed this suit against the United States under the Federal Tort Claims Act for injuries she allegedly sustained at the United States Navy Exchange, located at the Naval Support Activity in Algiers.[1] In her complaint, Mrs. Martinez claims that she was shopping at the Navy Exchange when she "was caused to fall while walking across an uneven and unmarked area of the floor,"

---

[1] Mrs. Martinez's husband, Louis Martinez, was also a plaintiff in this lawsuit; however, the Court dismissed his claim for failure to exhaust administrative remedies. See Rec. Doc. #8.

resulting in serious and disabling injuries. Her claim is that the United States is at fault for its employees' failure to "adequately mark and place warnings of an uneven level of the floor," and their failure to "paint or otherwise mark or put signage on the floor area well enough in advance [to] the change of level in the floors."  She also asserts that the government is liable for "building [and] maintaining . . . the Naval Exchange in a manner that resulted in a floor [with] two different levels," and for its failure to "adequately supervise its employees in the manner of placing warning and signs on the floor area."

The United States now moves to dismiss, or alternatively, for summary judgment.

## Law and Analysis

The defendant seeks dismissal of the plaintiff's case on the ground that subject matter jurisdiction is lacking.  Alternatively, it seeks summary judgment on the basis that the plaintiff cannot establish several essential elements of her claim.  The Court first addresses the merits of the defendant's jurisdictional challenge to the plaintiff's suit. See <u>Stanley v. Central Intelligence Agency</u>, 639 F.2d 1146, 1157 (5th Cir. Unit B Mar. 1981) ("When a court must dismiss a case for lack of jurisdiction, the court should not adjudicate the merits of the claim.").

I.  <u>Motion to Dismiss</u>

A lawsuit must be dismissed if it appears that the Court does not have subject matter jurisdiction over the plaintiff's claims. Fed. R. Civ. P. 12(b)(1).  Unlike with a Rule 12(b)(6) motion to dismiss, the Court may consider evidence outside of the pleadings in deciding a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.  The Court may base its decision on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; and (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." <u>Barrera-Montenegro v. United States</u>, 74 F.3d 657, 659 (5th Cir. 1996).

As the party invoking jurisdiction, the plaintiff bears the burden of establishing subject matter jurisdiction. <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994).  In this case, jurisdiction over Mrs. Martinez's claim is predicated on the Federal Tort Claims Act (FTCA).  The defendant asserts that Mrs. Martinez's claim is barred by sovereign immunity.  Sovereign immunity is jurisdictional in nature. <u>FDIC v. Meyer</u>, 510 U.S. 471, 475 (1994).

The United States is immune from suit except to the extent that it has waived its sovereign immunity. <u>Id.</u>  With the passage

3

of the FTCA, the federal government waived its immunity to suit for the torts of federal employees.

The government's waiver of its sovereign immunity under the FTCA must be construed narrowly. The FTCA grants federal district courts jurisdiction over suits for damages "caused by the negligent or wrongful act or omission of any employee of the Government." 28 U.S.C. § 1346(b). "By expressly waiving immunity for the tortious conduct of its employees, and only its employees, the FTCA requires a more focused approach that requires the courts to determine the relationship to the United States of the actor whose negligence might be imputed to the government under state law." Berkman v. United States, 957 F.2d 108, 113 (4th Cir. 1992). Thus, the FTCA does not convey federal jurisdiction over suits predicated on a strict liability theory. Aretz v. United States, 604 F.2d 417, 426-27 (5th Cir. 1979). Moreover, the statute does not provide a basis for suits predicated on a theory of premises liability. Berkman, 957 F.2d at 113; Perkins v. United States, No. 98-2636, 1999 WL 148442, at *2 (E.D. La. Mar. 17, 1999); Cupit v. United States, 964 F. Supp. 1104, 1112 (W.D. La. 1997).

The government contends that the plaintiff's complaint is based on premises liability and that this Court lacks subject matter jurisdiction. The plaintiff counters that her complaint is based on negligence, specifically the negligence of the

4

government's employees in failing to mark the floor, and that she has not alleged that her injuries were caused by a defect in the premises. The Court notes that it is not bound by the parties' characterizations of the complaint. <u>City Nat'l Bank v. United States</u>, 907 F.2d 536, 546 n.9 (5th Cir. 1990).

The Court finds that the plaintiff's complaint can be construed to include both theories of negligence and premises liability of recovery.[2] To the extent that the plaintiff's complaint is predicated on premises liability, it is dismissed for lack of subject matter jurisdiction. However, to the extent it is grounded in negligence, this Court is satisfied that it possesses subject matter jurisdiction. As such, the Court turns to the merits of the defendant's motion for summary judgment.

## II. Motion for Summary Judgment

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine issue of fact exists if

---

[2] Despite the government's urgings, the Court declines to characterize the complaint solely on premises liability grounds. The complaint is clearly grounded in negligence, as it speaks of the failure of Naval Exchange employees to adequately mark the sloped floor. And it is unclear how the plaintiff's failure to identify the names of specific employees who allegedly failed to post adequate warnings near the accident site is fatal to her FTCA negligence claim.

the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. <u>Matsushita Elec. Indus. Co. v. Zenith Radio</u>, 475 U.S. 574, 586 (1986). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. <u>See id.</u> Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. <u>Id.</u> at 249-50. Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. <u>Donaghey v. Ocean Drilling & Exploration Co.</u>, 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. <u>Id.</u> Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. <u>Martin v. John W. Stone Oil Distrib., Inc.</u>, 819 F.2d 547, 549 (5th Cir. 1987). Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party. <u>Anderson</u>, 477 U.S. at 255.

Under the FTCA, the government is liable for the negligence of its employees "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. The law of the place where the act or omission occurred governs. 28 U.S.C. § 1346(b)(1). Therefore, this Court must look to the principles of Louisiana tort law.

Generally, in order to prevail on a negligence claim under Louisiana law, the plaintiff must prove that (1) the conduct in question was the cause in fact of the resulting harm, (2) the defendant owed a duty of care to the plaintiff, (3) the defendant breached the requisite duty, and (4) the risk of harm was within the scope of protection afforded by the duty breached. Peterson v. Gibraltar Sav. & Loan, 733 So. 2d 1198, 1203-04 (La. 1999).

In this case, the plaintiff asserts that Naval Exchange employees were negligent by failing to post adequate warnings as to the slope in the floor. Under Louisiana law, there is no duty to warn of a hazardous condition unless the condition is unreasonably dangerous, and the fact that a person is injured does not mean that a condition is an unreasonably dangerous one.[3] Deumite v. State, 692 So. 2d 1127, 1141 (La. Ct. App. 1st Cir. 1997). The question

---

[3] This duty is the same regardless of whether fault is asserted under a negligence theory or a strict liability theory. Deumite, 692 So. 2d at 1141.

whether a particular condition is unreasonable requires a balance of the intended benefit of the conduct with its potential for harm and the cost of prevention. Socorro v. City of New Orleans, 579 So. 2d 931, 939 (La. 1991).

In addition, the plaintiff must prove that the employees at the Naval Exchange had prior knowledge that the sloped floor presented an unreasonable risk of injury. Kent v. Gulf States Utils. Co., 418 So. 2d 493, 497 (La. 1982); Carr v. Wal-Mart Stores, Inc., 772 So. 2d 865, 866 (La. Ct. App. 5th Cir. 2000) ("The element of prior knowledge by the defendant is a requirement of either an action in negligence or in strict liability."). It is that knowledge that gives rise to the duty to take reasonable steps to protect against injurious consequences resulting from the risk. Id.

The government asserts that the plaintiff cannot show that Naval Exchange employees had prior knowledge of any unreasonably dangerous condition.[4] It submits several statements from Naval

---

[4] The government also contends that the plaintiff has failed to offer sufficient evidence that the slope was unreasonably dangerous. Asserting that the slope was plainly visible, the government points to photographs of the sloped floor, which show that the slope is painted bright yellow, in contrast to the gray floor, with the word "Caution" written in red. However, in her deposition, the plaintiff testified that the sloped area was not painted in the way depicted in the government's photographs at the time of her accident.

Exchange employees in which they deny that they were aware that the slope in the floor created an unreasonable safety hazard. They state that prior to Mrs. Martinez's fall, no one had ever complained about the condition of the floor. The employees further state that they have no knowledge of another slip or fall on or near the sloped floor in question. The plaintiff counters that Naval Exchange employees were aware of the sloped area. However, she does not offer proof, nor does she even suggest, that they were actually or constructively aware that the slope was dangerous so as to give rise to the duty to warn of a dangerous condition.[5] Absent proof that the employees had or should have had prior knowledge that the slope created a risk of injury, the plaintiff has "failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Celotex, 477 U.S. at 323. Therefore, the defendant is entitled to summary judgment on the plaintiff's negligence claim as a matter of law.

---

[5] The plaintiff complains that she needs time to undertake additional discovery on the issue of whether other Naval Exchange patrons were injured while traversing the sloped floor in question. This argument is unavailing. This suit was filed in January 2000 and was continued once. As such, there has been adequate time for discovery. Moreover, the plaintiff's request to undertake additional discovery comes after the Court-ordered discovery deadline and just a month before the pretrial conference.

## Conclusion

Accordingly, the defendant's Motion to Dismiss, or for Summary Judgment is GRANTED.  The plaintiff's complaint is hereby dismissed.

New Orleans, Louisiana, August 23, 2001.

*Martin L. C. Feldman*
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

10